IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLAYTON L.,[1]

        Plaintiff,

        v.

COMMISSIONER, Social
Security Administration,

        Defendant.

No. 3:17-CV-00778-HZ

OPINION & ORDER

Merrill Schneider
SCHNEIDER KERR & ROBICHAUX
P.O. Box 14490
Portland, OR 97293

    Attorney for Plaintiff

Billy J. Williams
UNITED STATES ATTORNEY
District of Oregon
Renata Gowie
ASSISTANT UNITED STATES ATTORNEY
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Sarah L. Martin
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

       Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Clayton L. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB) and supplemental security income (SSI). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court reverses the Commissioner's decision and remands for immediate payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB and SSI on September 6, 2013, alleging disability as of June 1, 2009. Tr. 19, 155.[2] His application was denied initially and on reconsideration. Tr. 190–94, 197–202. On November 19, 2015, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 38. On January 21, 2016, the ALJ found Plaintiff not disabled. Tr. 31. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on ADD, a kidney disorder, chronic headaches, PTSD, depression, and a pulmonary embolism. Tr. 280. He was 39 at the time of the administrative hearing. Tr. 39. Defendant has a high school degree and some college with past relevant work experience as a fast food worker. Tr. 28, 281.

---

[2] Citations to "Tr." Refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 13.

# SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *See, e.g., Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. 137 at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at

141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of June 28, 2013, through his date last insured. Tr. 22. At step two, the ALJ determined that Plaintiff has the severe impairments of organic mental disorder, affective disorder, anxiety disorder, sleep disorder, personality disorder, chronic renal failure, and attention-deficit hyperactivity disorder (ADHD). Tr. 22. At step three, the ALJ determined that Plaintiff's impairments did not meet or equal, singly or in combination, a listed impairment. Tr. 22.

At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(a) and 416.967(c) with the following limitations:

> frequently climb ramps and stairs and occasionally climb ladders, ropes and scaffolds. He should avoid concentrated exposure to hazards such as unprotected heights and dangerous machinery. He is capable of simple routine tasks with an SVP (Specific Vocational Preparation) of 1 or 2. He can have superficial incidental contact with the general public and occasional contact with coworkers.

Tr. 24. Because of these limitations the ALJ concluded that Plaintiff could not perform his past relevant work as a fast food worker. Tr. 28. But at step five the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as "industrial cleaner," "lab equipment cleaner," and "laundry worker." Tr. 29. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 31.

///

**STANDARD OF REVIEW**

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id*.; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

**DISCUSSION**

Plaintiff argues that the ALJ erred by: (1) failing to discuss Listing 12.05 for intellectual disability at step three and (2) rejecting the opinion of consultative examiner Dr. Robert Schneider, Ph.D. Pl. Br. 4, ECF 18. The Commissioner concedes that in both respects the ALJ erred. Def. Br. 3, ECF 19. However, the parties disagree on whether the Court should remand the case for an award of benefits or for further proceedings. Plaintiff argues that the Court should remand for immediate payment of benefits because all the elements of Listing 12.05C have been met in this case and, if credited as true, Dr. Schneider's opinion warrants a finding that Plaintiff is disabled. Pl. Br. 7, 11. The Commissioner, by contrast, contends that there are outstanding factual issues in the record that foreclose finding Plaintiff disabled. Def. Br. 7, 9. Because the

Court finds that Plaintiff meets the requirements of Listing 12.05C and is therefore disabled, it does not reach the remainder of Plaintiff's arguments.

At step three of the sequential analysis, if a claimant meets or medically equals a listed impairment, then he is presumed disabled regardless of his age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(iii), (d). A claimant bears the burden of producing medical evidence to establish all of the requisite medical findings that his impairments meet or equal any particular listing. An impairment, or combination of impairments, is medically equivalent to a listing "if it is at least equal in severity and duration to the criteria of any listed impairment," considering, "all evidence in [the] case record about [the] impairment(s) and its effects on [the claimant] that is relevant[.]" 20 C.F.R. § 404.1526(a), (c). Finally, "the claimant's illnesses 'must be considered in combination and must not be fragmentized in evaluating their effects.'" *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir.1995) (quoting *Beecher v. Heckler*, 756 F.2d 693, 694–95 (9th Cir.1985)). "Listed impairments are purposefully set at a high level of severity because 'the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)). "Listed impairments set such strict standards because they automatically end the five-step inquiry, before residual functional capacity is even considered." *Id*.

Listing 12.05C has three requirements.[3] First, the introductory paragraph requires "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404, Subpt. P, App'x 1 § 12.05(c).

---

[3] This case is governed by an earlier version of the regulation which has since been superseded by new regulations that became effective on January 17, 2017. *See* 81 Fed. Reg. 66137 (Sept. 26, 2016).

Second, as described in paragraph C, a claimant must show that he has a "valid verbal, performance, or full scale IQ of 60 through 70." *Id*. Third, the claimant must show that he has "a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id*.

The Commissioner admits that Plaintiff meets the second and third requirements of the listing: "[Plaintiff] had an IQ score between 60 and 70 and another impairment causing significant work-related limitations (based on the ALJ's finding at step two)." Def. Br. 5. Dr. Schneider determined that Plaintiff has a full scale IQ of 68 and that Plaintiff "functions at the border between mild mental retardation and borderline intelligence." Tr. 732, 738. And the ALJ found that Plaintiff's severe impairments include affective disorder, anxiety disorder, sleep disorder, personality disorder, chronic renal failure, and attention deficit hyperactivity disorder, tr. 22, which is sufficient to satisfy Listing 12.05C's third requirement, *see Snyder v. Comm'r, Soc. Sec'y Admin.,* No. 6:15- CV-02400-SU, 2017 WL 2981233, at *4 (D. Or. June 19, 2017) (citing *Pedro v. Astrue*, 849 F. Supp. 2d 1006, 1015 (D. Or. 2011)) (holding that the third element "is satisfied if the ALJ found that plaintiff has another severe impairment at step two of the sequential analysis"); *Orosco v. Colvin*, No. 3:15-CV-00880-HZ, 2016 WL 1584151, at *4–5 (D. Or. Apr. 18, 2016) (quoting *Gomez*, 695 F. Supp. 2d at 1061) (recognizing the same and that "[s]ignificant is 'more than minimal but less than severe'"); *Noblit v. Colvin*, No. 3:13-CV-00628-HU, 2014 WL 4059770, at *5 (D. Or. Aug. 15, 2014) (same). Accordingly, the Court finds that Plaintiff has satisfied Listing 12.05C's second and third requirements.

The parties disagree as to whether Plaintiff's imparment satisfies the first requirement of Listing 12.05C. Specifically, the Commissioner suggests that Plaintiff must demonstrate that his limitations in adaptive functioning are "significant" in order to satisfy this requirement. Def. Br.

6. However, the introductory paragraph only requires Plaintiff to show subaverage intellectual functioning with some deficits in adaptive functionality that initially manifested before age 22.[4] The purpose of the introductory paragraph of the Listing is to limit coverage to an innate condition, rather than a condition resulting from a disease or accident in adulthood.'" *McGrew v. Colvin*, No. 3:13-cv-01909-SI, 2015 WL 1393291, at *5 (D. Or. Mar. 25, 2015) (quoting *Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1061 (C.D. Cal. 2010)). "Thus, the introductory paragraph requires only "that deficits in adaptive functioning exist, not evidence that a claimant has no adaptive functioning skills." *Id.* at *7. In other words, the first prong from the introductory paragraph does not inquire into the severity of the deficits in adaptive functioning; this is established by the other criteria—prongs two and three—of Listing 12.05C. *Id.* at *5. To show the existence of such functional deficits, "[a] claimant may use circumstantial . . . , such as 'attendance in special education classes, dropping out of high school prior to graduation, difficulties in reading, writing or math, and low skilled work history.'" *Pedro*, 849 F. Supp. 2d at 1011–12 (quoting *Campbell v. Astrue*, No. 1:09–CV–00465GSA, 2011 WL 444783, *17 (E.D. Cal. Feb. 8, 2011)).

Here, both the Commissioner and the ALJ cite evidence that demonstrates Plaintiff has deficits in adaptive functioning. Although the ALJ did not expressly find at step three that Plaintiff had deficits before age 22, he did find that with regard to other Listings for mental disorders that Plaintiff had mild restrictions in activities of daily living, mild to moderate

---

[4] Deficits in adaptive functioning refer to a "failure to meet developmental and sociocultural standards for personal independence and social responsibility." AM. PSYCHIATRIC ASS'N, *Diagnostic and Statistical Manual of Mental Disorders* 33 (5th ed. 2013). Adaptive functioning has been described in this District as: "How effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, socioeconomic background, and community setting. . . . Problems in adaptation are more likely to improve with remedial efforts than is the cognitive IQ, which tends to remain a more stable attribute." *Pedro*, 849 F. Supp. 2d at 1011 n.1.

difficulties in social functioning, and mild to moderate difficulties in concentration, persistence, and pace. Tr. 22–23. At the hearing, the ALJ also acknowledged that Plaintiff was in special education classes in high school. Tr. 62. And the additional daily activities and work history that the Commissioner identifies are not inconsistent with the criteria of Listing 12.05C. *See Pedro*, 849 F. Supp. 2d at 1017 (recognizing "daily activities such as reading, driving, and cleaning are not necessarily inconsistent with mental retardation"); *McGrew*, 2015 WL 1393291, at *7 (holding that the ALJ's reliance on the plaintiff's work history and living skills was in error and recognizing that those abilities "d[o] not indicate that a claimant does not have deficits in adaptive functioning"); *Conley v. Colvin*, 274 F. Supp. 3d 1119, 1123 (D. Or. 2017) ("Listing 12.05C does not require a finding that a plaintiff cannot perform basic daily activities."); *Huber v. Astrue*, No. CIV-10-8043, 2010 WL 4684021, at *4 (D. Ariz. Nov. 12, 2010) (same). Plaintiff's ability to play video games, take public transit, use the internet, and drive are not inconsistent with Listing 12.05C, and Plaintiff's unskilled work history—as described below—generally supports Plaintiff's contention that he has an innate condition as required for a finding of disability under Listing 12.05C. *See Pedro*, 849 F. Supp. 2d at 1008, 1011–12 (finding that a plaintiff with a high school degree; a history of special education classes; some community college; and past work as a teacher's aide, grocery and deli clerk, fast food worker, and laundress met the requirement of the introductory paragraph in Listing 12.05C). Even his work as a "shift leader" at Burger King was described by the vocational expert as "unskilled." Tr. 46, 66.

The record also includes evidence that demonstrates Plaintiff has deficits in adaptive functioning that manifested prior to age 22. Plaintiff reported difficulties in concentration, memory, and learning new tasks. Tr. 726, 730. Dr. Schneider concluded that Plaintiff's reading, math, and spelling skills are at the middle school level. Tr. 739. The record shows that Plaintiff

was enrolled in special education classes from seventh grade through high school. Tr. 62, 726, 731. Plaintiff told Dr. Schneider that he had an individual tutor present in some of his classes to explain what the teacher said. Tr. 726. Plaintiff had a few years of course work at various community colleges, but he did not obtain his degree because it was too difficult. Tr. 42, 731. He also told Dr. Schneider that "he took most of his classes multiple times." Tr. 731. For example, Plaintiff said he took English 101 six or seven times, career planning twice, and "world values and culture" twice, passing with a "D" the second time. Tr. 731. He testified that his godmother helps him shop. Tr. 55. Outside of the certified nurse's assistant certification he received through his job corps program, most of Plaintiff's work history has been unskilled entry-level work in fast food, security, and concessions. Tr. 46, 61–62. Plaintiff told Dr. Schneider that he has a hard time maintaining jobs for longer than six months and that his employers often reduce or stop giving him hours. Tr. 726, 730. Plaintiff reported he needed "written lists to do certain things" in some of his jobs. Tr. 46, 726. Plaintiff's earnings record also shows that Plaintiff has only earned an annual income of more than $7,000 twice in his fifteen year work history. Tr. 273. Based on the record, the Court finds that Plaintiff has satisfied the requirements of listing 12.05C. Accordingly, the ALJ's decision at step three is reversed.

District courts have discretion under 42 U.S.C. § 405(g) to remand for further administrative proceedings or to order immediate payment of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). Except in rare circumstances, remand for further proceedings is the appropriate course of action. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1100 (9th Cir. 2014). But, where further proceedings would serve no useful purpose, a court has discretion to remand for immediate payment of benefits. *Id.*;

*Harman*, 211 F.3d at 1179 ("[T]he decision whether to remand for further proceedings turns upon the likely utility of such proceedings.").

In this case, the ALJ erred by concluding that Plaintiff was not disabled at step three and failing to consider whether Plaintiff meets the requirements of Listing 12.05C. The record is fully developed on this issue. The evidence demonstrates that Plaintiff meets Listing 12.05C, is "presumed disabled, and no further inquiry is necessary." *Baxter v. Sullivan*, 923 F.2d 1391, 1395 (9th Cir. 1991). Remand for additional proceedings would serve no purpose and "would needlessly delay effectuating the primary purpose of the Social Security Act," which is "to give financial assistance to disabled persons. . . ." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Accordingly, the Court reverses the Commissioner's decision and remand for an immediate award of benefits.

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for immediate payment of benefits.

IT IS SO ORDERED.

Dated this 21 day of June, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge